Final Decision
I. Background
This case arises out of a three-week suspension issued to Mr. David Charles, Respondent, a slot technician at the Oneida Bingo & Casino. Mr. Charles was given the suspension after a slot machine he failed to properly service malfunctioned by giving a patron a $7,500 jackpot that normally would have been $12. After investigation, it was determined that the incorrect jackpot would have been prevented had Mr. Charles and his two co-workers performed important checks on the slot machine. The Oneida Personnel Commission overturned the suspension because Mr. Charles was not given a document relied upon by the employer during the investigation. Therefore, the Oneida Personnel Commission reasoned, the discipline against Mr. Charles should be overturned.

A. Jurisdiction

The Oneida Tribal Judicial System has jurisdiction over this appeal by virtue of Sec. 1.11-1 of the Oneida Administrative Procedures Act which permits appeal of a final decision in a contested case.

B. Factual background

The relevant facts are not in dispute. On or about June 24, 2008, Mr. Charles and two of his coworkers were involved in converting a number of slot machines. (While not fully explained, we presume conversion means changing the machines from one type of format or game to another.) Mr. Charles was working in a group of three slot technicians. There was one Lead and two slot techs, including Mr. Charles. Mr. Charles and his co-workers were not trained on these types of conversions before the incident at issue here. The conversion kits provided for this job were removed from their packaging by other employees. During the conversion process there is a checklist with all of the tasks needed to be done to convert a machine. One of these tasks is to test the reels of the machine, also called a reel test.
The reel test was not completed on the machine that eventually malfunctioned. However, on the checklist, Mr. Charles’ initials appeared indicating the reel test had been completed. It came to light during the investigation that Mr. Charles did not initial the checklist. In fact, the Lead Slot Tech had falsified Mr. Charles’ initials. This fact is agreed upon by Mr. Charles and the employer. Ms. Sally Murphy, Mr. Charles’ supervisor, agrees that Mr. Charles did not know the other employee had falsified Mr. Charles’ initials. (Mr. Charles, however, did not receive a copy of the checklist until he received it as an exhibit for the Oneida Personnel Commission hearing.)
After the machine malfunctioned and the matter was investigated, Mr. Charles was given a three-week suspension on July 2,2008.

*400
C. Procedural background

On July 9, 2008, Mr. Charles timely appealed the suspension. The Area Manager upheld the discipline on July 18, 2008. Mr. Charles timely appealed to the Oneida Personnel Commission on July 31, 2008. The Oneida Personnel Commission held a hearing on September 24, 2008. The decision was issued on December 3, 2008 with one commissioner dissenting.

D. Applicable law

Mr. Charles was disciplined for negligence in the performance of assigned duties under Sec. V.D.2.I.g of the Oneida Personnel Policies and Procedures.
II. Issues
Was the Oneida Personnel Commission decision clearly erroneous?
III. Analysis
Was the Oneida Personnel Commission decision clearly erroneous?
Yes. The Oneida Personnel Commission decision was clearly erroneous. First we address the Oneida Personnel Commission decision then we discuss our view of the case.

A. Oneida Personnel Commission decision.

The Oneida Personnel Commission based its decision on the fact that the Appellant, the Oneida Bingo & Casino Slot Department (Slot Department) did not share with Mr. Charles the conversion checklist with the falsified initials until the time of the hearing before the Oneida Personnel Commission. However, we do not find any affirmative duty on the employer to have shared that document with Mr. Charles.
The Oneida Personnel Commission decision recites the sequence of events that lead to Mr. Charles’ suspension. During the investigation, Mr. Charles’ supervisor, Sally Murphy, determined the lead technician had falsified Mr. Charles’ initials on the conversion checklist. Ms. Murphy also determined that Mr. Charles did not know the lead technician had falsified his initials. Mr. Charles also admitted that he did not do the reel strip test. After reciting this history, the Oneida Personnel Commission decision states, “[a]U of the above-mentioned facts prove that not only was the Petitioner entitled to a copy of the document at the time he issued the three (3) week suspension, he was also entitled to know who the Respondents found to have allegedly falsified his initials on the Checklist at the close of Respondent’s investigation.” Oneida Personnel Commission Decision at page 8. There is no support for the Oneida Personnel Commission’s assertion.
We disagree with the Oneida Personnel Commission on two counts. First, the discipline against Mr. Charles was based on the fact that he failed to do the reel strip test. The discipline was not related to the falsification on the conversion checklist. The Oneida Personnel Commission decision does not connect the conversion checklist to the discipline issued. Stated another way, how was Mr. Charles harmed by not having the conversion checklist in advance? Second, there is nothing in the Oneida Personnel Policies and Procedures or Oneida law of which we are aware that requires the supervisor to give Mr. Charles the conversion checklist prior to the hearing. Unless Mr. Charles requested the document through discovery' (of which there is no mention), there is no law or rule which put an affirmative duty on Ms. Murphy to give the document to Mr. Charles prior to the hearing.

B. Analysis

In our view, this case turns on the original issue raised by Mr. Charles when he *401 filed his appeal with the Oneida Personnel Commission on July 31, 2008: whether a three-week suspension was commensurate with the seriousness of the unsatisfactory performance. The requirement of commensurate punishment is imposed by Sec. V.D.l.b of the Oneida Personnel Policies and Procedures.
Although Mr. Charles admitted he did not conduct the reel test on the slot machine, there are several mitigating circumstances. First, although Mr. Charles has 30 years experience as a slot tech, there was no training given on these particular conversions. Second, the conversion kits had been removed from the packages thus making it unclear if there were additional instructions or elements that were missing. Third, the slot tech crew was under time pressure to get the conversion done quickly-
These factors do not excuse Mr. Charles’ negligence. Mr. Charles admitted he did not conduct the reel strip test and in his original filing with the Oneida Personnel Commission indicated he knew he would be subject to some discipline.
The Personnel Policies and Procedures require supervisors to make discipline commensurate with the seriousness of the violation and to consider progressive discipline. Sec. V.D.2.b. states:

A supervisor shall initiate disciplinary actions commensurate with the seriousness of the unsatisfactory performance. A supervisor must consider each disciplinary action in progressive order and justify a deviance from, the recommended progression. Sec. V.D.2.b., Oneida Personnel Policies and Procedures.

This section contains two requirements. First disciplinary actions must be “commensurate” with the seriousness of the unsatisfactory performance. Commensurate means in equal measure or proportionate. The second requirement is that progressive discipline is considered and a deviation justified.
Under Sec. V.D,2.I.g, the section used to discipline Mr. Charles, it states the progressive discipline is (W/S/T), written warning, suspension, termination. Taking the second element first, the supervisor justified the deviation from a written warning by citing the severity of the incident. The casino had to pay out a $7,500 jackpot that would not have appeared had the reel test been conducted. Ms. Murphy provided a justification as required when a deviation is made.
However, the first element of Sec. V.D.2.b requires disciplinary actions to be “commensurate” with the seriousness of the unsatisfactory performance. Given the totality of the facts and circumstances, we rule that a 3-week suspension is not “commensurate” with the failure to do a reel test when the conversion kits were opened prior to the job, the lead worker falsified Mr. Charles’ initials and no training had been previously provided in this specific area.
There is precedent for our decision. In Oneida Bingo & Security v. Bluebird, 8 O.N.R. 3-39, 01-AC-011 (03/20/2002), a security officer was given a written warning for being a no-eall/no-show. When the employee appealed, the Area Manager increased the discipline to a 3-day suspension. The Oneida Personnel Commission reversed the 3-day suspension. On appeal to the Oneida Tribal Judicial System, we affirmed the Oneida Personnel Commission decision citing to Sec. V.D.2.b. Like Mr. Charles, Ms. Bluebird had no previous disciplinary actions. “The three day suspension issued to the [employee] by the [employer] was therefore not justified.” Bluebird, 8 O.N.R. at 3-41.
*402 The Court has the authority to modify decisions under Rule 19(A)(1) of the Rules of Appellate Procedures:

Rulel9: Reversal Affirmance or Modification

(A) Powers of Appellate Court: Upon appeal from a judgment or order from an original hearing body decision, the appellate court of the Oneida Appeals Commission may:

(1) Reverse, affirm, or modify the judgement or order as to any or all parties;

IV. Decision
The Appellate Court overrules the Oneida Personnel Commission and modifies the decision.
In respect to the three-week suspension being inappropriate, this Court finds a written warning complies with the Oneida Personnel Policies and Procedures.
The Court affirms the Oneida Personnel Commission decision on the issue of back pay award.
The Court would like to note that it believes that some responsibility rests with Respondent, and thus, a written warning was deemed appropriate. Any further action could be viewed as retaliatory.
The three-week suspension is modified to a written warning.
IT IS SO ORDERED.